Royal Bank of Canada, Plaintiff and Appellee, v. Víctor M. Buenahora and Lajas Underwear, Defendants and Appellants.

No. 4105. Argued April 8, 1927.—Decided May 26, 1927.

*Leopoldo Tormes* for the appellants. *Alberto S. Poventud* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

The Royal Bank of Canada brought an action of debt against Víctor M. Buenahora and Lajas Underwear in which it was alleged that Víctor M. Buenahora, as a merchant doing business in Ponce under the name of Víctor M. Buenahora and manager of his firm, signed and delivered to the plaintiff the following drafts on another defendant, which were accepted by it, the first being for $493; the second for

766

$198.94, and the third for $324.87, making a total of $1,016.81; that the plaintiff discounted and paid the amount of each of the three drafts to Víctor M. Buenahora and that none of them had been paid to the bank by the defendants in whole or in part.

The defendants demurred to the complaint and afterwards answered, denying that Víctor M. Buenahora had made, signed or delivered to the plaintiff any of the drafts in question, and denying specifically their authenticity.

The trial court found that the authenticity of the drafts had been shown and finally sustained the complaint.

At the trial of this case the only evidence produced was that of the plaintiff.

The original drafts were introduced. Two of them appear to have been drawn by Miguel A. Acosta as attorney in fact of Víctor M. Buenahora and the third by Pedro Buenahora in his capacity as agent of the defendants. Two written powers of attorney were likewise introduced in evidence signed by Víctor M. Buenahora in favor of each of the said agents. These powers were held by the bank and undoubtedly had been furnished by the defendant in order to facilitate his operations in the bank, and the attorneys in fact were thereby granted, among other powers, those of drawing, signing, indorsing and discounting drafts or any other commercial paper as securities, etc.

William Biscombe, manager of the plaintiff bank, testified that the drafts had been discounted and their amounts credited to the current account of Víctor M. Buenahora, after they had been accepted by Lajas Underwear, the funds having been placed at the disposal of the former. He stated that he knew the signature of Víctor M. Buenahora because he had seen it on other documents admitted as his, like drafts and notes, but not because he had seen him sign in his presence. He made the same statement in regard to the signature of Pedro Buenahora, and although he did not make a similar statement in regard to the signature of Miguel A.

Acosta, the point is of no importance because there is in the record a letter subscribed by Pedro Buenahora in answer to another from the bank in which while admitting that the drafts had not been paid to the plaintiff, the authenticity thereof had been expressly accepted.

Alberto S. Poventud, as the bank's attorney, was another witness, whose testimony was as follows: That as he had been instrusted by the bank with the collection of the drafts from the defendants, he had sent them several registered letters with copies of the drafts; that he knew the signature of Pedro Buenahora because he had seen him sign documents in his presence, and that he had talked with Víctor M. Buenahora and Pedro Buenahora as regards the claim of the amount of such drafts and that they had never opposed their authenticity.

The defendants did not introduce any ·evidence and the statements we have made of the plaintiff's evidence shows the sufficiency thereof. The allegations of the complaint are sufficient to justify the judgment of the trial court.

For the foregoing reasons the judgment appealed from must be affirmed.